## In re Scattergood

*Isadore A. Shrager*, for appellant.
*Bernard I. Shovlin*, for Commonwealth.

MacNeille, P. J., November 26, 1956.—John K. Scattergood, one of the partners trading as Blenheim Motors, has appealed from the order of the Secretary of Revenue suspending his certificate of appointment as an official inspection station for the inspection of motor vehicles, under The Vehicle Code of May 1, 1929, P. L. 905, and its amendments.

At the hearing before the court it developed that the basis for the suspension was that on April 27, 1955, a representative of the Pennsylvania State Police visited the inspection station and there discovered that four new unbilled motor vehicles bore certificates of inspection and approval when, in fact,

the headlamps were not properly aimed in accordance with the regulations. The certificates affixed to the four motor vehicles bore the dates of April 19, March 10, March 10 and February 8, 1955. One Anthony John Bevilacqua, an employe of Blenheim Motors at that time, and the only employe then authorized to make official inspections, testified that he had inspected the headlamps on the respective dates and had found them in proper order when he authorized the affixing of the certificates. Bevilacqua, however, pleaded guilty before a magistrate to a violation of section 813(f) of the act and was fined $25 and costs. He is no longer in appellant's employ.

Section 813(b) of the act, which authorizes suspension of certificate of appointment of official inspection stations by the Secretary of Revenue, provides that: "if the servant or employe of any such inspection station shall, without the authorization, knowledge, or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided".

The employe has been prosecuted under the provisions of the act, but there is no evidence in the record before us from which we could fairly find that the employer had knowledge of the violations at the time they were committed, or that the employer authorized or consented to them. In fact, counsel for the Commonwealth expressly concedes that the employer did not know that any inspection certificates were on any cars. We are obliged to hold, therefore, that there is not sufficient evidence before us to justify a suspension of the certificate of appointment.

*Order*

And now, November 26, 1956, the order of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending the certificate of appointment of John K. Scattergood as an official inspection station for the inspection of motor vehicles, is vacated and set aside, and it is directed that the said certificate be restored to said John K. Scattergood.